## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAGNUM HUNTER RESOURCES CORPORATION, | Case No. 15-12533 (___) |
| Debtor. | |
| Tax I.D. No. 86-0879278 | |
| In re: | Chapter 11 |
| ALPHA HUNTER DRILLING, LLC, | Case No. 15-12534 (___) |
| Debtor. | |
| Tax I.D. No. 27-1657505 | |
| In re: | Chapter 11 |
| BAKKEN HUNTER CANADA, INC., | Case No. 15-12535 (___) |
| Debtor. | |
| Tax I.D. No. BN813037777 | |
| In re: | Chapter 11 |
| BAKKEN HUNTER, LLC, | Case No. 15-12536 (___) |
| Debtor. | |
| Tax I.D. No. 27-3553862 | |
| In re: | Chapter 11 |
| ENERGY HUNTER SECURITIES, INC., | Case No. 15-12537 (___) |
| Debtor. | |
| Tax I.D. No. 84-1639725 | |

| | |
|---|---|
| In re: | Chapter 11 |
| HUNTER AVIATION, LLC, | Case No. 15-12538 (____) |
| Debtor. | |
| Tax I.D. No. 45-3698600 | |
| In re: | Chapter 11 |
| HUNTER REAL ESTATE, LLC, | Case No. 15-12539 (____) |
| Debtor. | |
| Tax I.D. No. 27-1658073 | |
| In re: | Chapter 11 |
| MAGNUM HUNTER MARKETING, LLC, | Case No. 15-12540 (____) |
| Debtor. | |
| Tax I.D. No. 45-3202527 | |
| In re: | Chapter 11 |
| MAGNUM HUNTER PRODUCTION, INC., | Case No. 15-12541(____) |
| Debtor. | |
| Tax I.D. No. 61-1057062 | |
| In re: | Chapter 11 |
| MAGNUM HUNTER RESOURCES GP, LLC, | Case No. 15-12542 (____) |
| Debtor. | |
| Tax I.D. No. 27-1355887 | |

| | |
|---|---|
| In re: | Chapter 11 |
| MAGNUM HUNTER RESOURCES, LP, | Case No. 15-12543 (___) |
| Debtor. | |
| Tax I.D. No. 27-1355958 | |
| In re: | Chapter 11 |
| MAGNUM HUNTER SERVICES, LLC, | Case No. 15-12544 (___) |
| Debtor. | |
| Tax I.D. No. 45-4825725 | |
| In re: | Chapter 11 |
| NGAS GATHERING, LLC, | Case No. 15-12545 (___) |
| Debtor. | |
| Tax I.D. No. 20-4272054 | |
| In re: | Chapter 11 |
| NGAS HUNTER, LLC, | Case No. 15-12546 (___) |
| Debtor. | |
| Tax I.D. No. 27-3953737 | |
| In re: | Chapter 11 |
| PRC WILLISTON LLC, | Case No. 15-12547 (___) |
| Debtor. | |
| Tax I.D. No. 22-3951736 | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| SHALE HUNTER, LLC, ) | Case No. 15-12548 (___) |
| Debtor. ) | |
| Tax I.D. No. 46-2331952 ) | |
| In re: ) | Chapter 11 |
| TRIAD HOLDINGS, LLC, ) | Case No. 15-12549 (___) |
| Debtor. ) | |
| Tax I.D. No. 31-1588947 ) | |
| In re: ) | Chapter 11 |
| TRIAD HUNTER, LLC, ) | Case No. 15-12550 (___) |
| Debtor. ) | |
| Tax I.D. No. 27-1355830 ) | |
| In re: ) | Chapter 11 |
| VIKING INTERNATIONAL RESOURCES CO., INC., ) | Case No. 15-12551 (___) |
| Debtor. ) | |
| Tax I.D. No. 31-1240097 ) | |
| In re: ) | Chapter 11 |
| WILLISTON HUNTER ND, LLC, ) | Case No. 15-12552 (___) |
| Debtor. ) | |
| Tax I.D. No. 27-3553798 ) | |

# DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Magnum Hunter Resources Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[1] respectfully state the following in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief, including the ability to add later filed cases to these chapter 11 cases. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Magnum Hunter Resources Corporation (the parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

---

[1] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Gary C. Evans, Chairman and Chief Executive Officer of Magnum Hunter Resources Corporation, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on December 15, 2015 (the "Petition Date").

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAGNUM HUNTER RESOURCES CORPORATION, et al.,[1] | Case No. 15-12533 (___) |
| Debtors. | Jointly Administered |

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Magnum Hunter Resources Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Magnum Hunter Resources Corporation, Case No. 15-12533; Alpha Hunter Drilling, LLC, Case No. 15-12534; Bakken Hunter Canada, Inc., Case No. 15-12535; Bakken Hunter, LLC, Case No. 15-12536; Energy Hunter Securities, Inc., Case No. 15-12537; Hunter Aviation, LLC, Case No. 15-12538; Hunter Real Estate, LLC, Case No. 15-12539; Magnum Hunter Marketing, LLC, Case No. 15-12540; Magnum Hunter Production, Inc., Case No. 15-12541; Magnum Hunter Resources GP, LLC, Case No. 15-12542; Magnum Hunter Resources, LP, Case

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Magnum Hunter Resources Corporation (9278); Alpha Hunter Drilling, LLC (7505); Bakken Hunter Canada, Inc. (7777); Bakken Hunter, LLC (3862); Energy Hunter Securities, Inc. (9725); Hunter Aviation, LLC (8600); Hunter Real Estate, LLC (8073); Magnum Hunter Marketing, LLC (2527); Magnum Hunter Production, Inc. (7062); Magnum Hunter Resources GP, LLC (5887); Magnum Hunter Resources, LP (5958); Magnum Hunter Services, LLC (5725); NGAS Gathering, LLC (2054); NGAS Hunter, LLC (3737); PRC Williston LLC (1736); Shale Hunter, LLC (1952); Triad Holdings, LLC (8947); Triad Hunter, LLC (5830); Viking International Resources Co., Inc. (0097); and Williston Hunter ND, LLC (3798). The location of the Debtors' service address is: 909 Lake Carolyn Parkway, Suite 600, Irving, Texas 75039.

No. 15-12543; Magnum Hunter Services, LLC, Case No. 15-12544; NGAS Gathering, LLC, Case No. 15-12545; NGAS Hunter, LLC, Case No. 15-12546; PRC Williston, LLC, Case No. 15-12547; Shale Hunter, LLC, Case No. 15-12548; Triad Holdings, LLC, Case No. 15-12549; Triad Hunter, LLC, Case No. 15-12550; Viking International Resources Co., Inc., Case No. 15-12551; Williston Hunter ND, LLC, Case No. 15-12552. The docket in Case No. 15-12533 should be consulted for all matters affecting this case.

### Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

### Basis for Relief

7. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The twenty (20) Debtor

entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

8. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

9. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Samson Res. Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015) (directing joint administration of chapter 11 cases); *In re Cal Dive Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Mar. 6, 2015) (same); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015) (same); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. May 6, 2014) (same); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (same).[2]

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

10. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

12. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

13. The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors'

prepetition first lien credit facility; (d) the administrative agent under the Debtors' prepetition second lien credit facility; (e) counsel to the ad hoc group of second lien lenders; (f) the indenture trustee for the Debtors' 9.75% senior unsecured notes due 2020; (g) counsel to the ad hoc group of holders of the Debtor's 9.75% senior unsecured notes due 2020; (h) counsel to the agent under the Debtors' debtor-in-possession credit facility; (i) the United States Attorney's Office for the District of Delaware; (j) the Internal Revenue Service; (k) the Environmental Protection Agency; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

14. No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Wilmington, Delaware
Dated: December 15, 2015

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Colin R. Robinson (DE Bar No. 5524)
Joseph M. Mulvihill (DE Bar No. 6061)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
crobinson@pszjlaw.com
jmulvihill@pszjlaw.com

- and -

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
brian.schartz@kirkland.com

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Alexandra Schwarzman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
justin.bernbrock@kirkland.com
alexandra.schwarzman@kirkland.com

*Proposed Co-Counsel to the Debtors*