

| | Ross Weiner<br><ross.weiner.ny@gmail.com><br><br>01/08/2016 09:49 PM | To DEB_Chambers_Judge_Kevin_Gross@deb.uscourts.gov<br>cc<br>bcc<br>Subject Magnum Hunter Resources, et al, Case No. 15-12533 (KG) - United States Bankruptcy Court for the District of Delaware |
|---|---|---|

**<u>Please provide this email to the Honorable Judge Kevin Gross</u>** as it pertains to the above referenced case before the Judge.

Dear Judge Gross:

I am writing to request the following regarding the Bankruptcy of Magnum Hunter Resources and affiliates on behalf of myself, and all other disenfranchised shareholders of Magnum Hunter:

**1. I respectfully request the Chapter 11 Bankruptcy filing be rejected by the Court.**

2. If the Chapter 11 filing is not rejected, I respectfully request:

   a) The formation of a Committee of Equity Security Holders to represent the interests of non-insider shareholders; and

   b) Conversion of this case to a Chapter 7 liquidation; to be conducted in an orderly manner in order to capture the significant value that exists in the Company's assets for the benefit of Magnum Hunter's existing shareholders.

Please refer to the email below that I sent to the US Trustees in this case for further details in support of my requests.

In brief, I believe that the Debtor and its Advisors have made a number of questionable and misleading assertions in their filings that would not stand up to the intensive scrutiny that must occur in this case. The bankruptcy process should not be subverted by avaricious parties to benefit themselves at the expense of the company's owners - the common shareholders, which is precisely what I fear is happening in this instance. There is substantial value over and above all indebtedness and creditor claims that belong to shareholders of Magnum Hunter.

Finally, I would like to note that there are documents that exist in the public domain that would undermine assertinons made by the Debtor in its bankruptcy filing - and were not included in the filing which present a misleading picture to the Court. The documents that I am aware of include the transcript of assertions made by CEO Evans publicly, and corporate presentations made by the Company that clearly support the substantial value of Magnum Hunter that rightfully belongs to shareholders, can be provided to the Court upon request.

Thank you for your consideration.

Respectfully,

Ross Weiner

shareholder, Magnum Hunter Resources

(note: additional contact information can be provided to the Court upon request)

---------- Forwarded message ----------
From: **Ross Weiner** <ross.weiner.ny@gmail.com>
Date: Sun, Jan 3, 2016 at 3:01 PM
Subject: Magnum Hunter Resources, et al, Case No. 15-12533 (KG) - United States Bankruptcy

Court for the District of Delaware
To: David.Gerardi@usdoj.gov, juliet.m.sarkessian@usdoj.gov,
USTPREGION03.WL.ECF@usdoj.gov


Attn: Juliet M. Sarkessian, United States Department of Justice

Attn: David Gerardi, United States Department of Justice

Dear US Trustees office & To Whom It May Concern:

I am a shareholder of Magnum Hunter Resorces (MHR), a company which recently filed for Bankruptcy protection in Delaware.

I am contacting you regarding this case for several reasons:

1. **I request that the Bankruptcy Court and USDOJ reject the Chapter 11 Bankruptcy filing of Debtor and its affiliates. It is my view that the filing is fatally flawed for many reasons, misleading to the Court, tramples on the vital interests of Magnum Hunter shareholders, and at a bare minimum requires intensive scrutiny that has not occurred.**

It is clear to those with knowledge of the company that the Board of Directors and Company Management (CEO Gary Evans in particular) have made a "deal" to deliver the company to its creditors in exchange for the ongoing participation of and material upside to conflicted management and insiders in a post-Bankruptcy Magnum Hunter. This represents an abuse of the Bankruptcy process that the Court and DOJ should not permit.

2. I support efforts of other similarly situated shareholders who are seeking the formation of a Committee of Equity Security Holders committee in this case, to the extent that the Chapter 11 case is permitted to move forward. Consider this a request to form such a Committee that involves the participation of non-confilited and non-insider common and preferred shareholders.

Equity Shareholders in MHR have not been had their interests represented in the Bankruptcy filings, and any assertion to the contrary that has been, or will be made, by insiders (such as CEO Gary Evans, management and their advisors) is patently false.

3. According to public documents released by Gary Evans (CEO) and Magnum Hunter Resources, as recently as October 2015, and posted on the MHR website, the Company asserted a Net Asset Value of the Common Shares of between approximately $8.00 and $13.70 per share. Shortly before the bankruptcy filing, this presentation was mysteriously taken down and replaced - because of MHR and Evan's scheme to deliver the company to creditors while retaining material personal upside and other benefits. I, and many others, have copies of this presentation, and can provide it to you upon request. To my knowledge, the Company has not incldued this presentation complete with its assertion of Net Asset Value ranges, in its bankruptcy filings. This would represent a material and intentional omission. It is also dramatically different than the low-ball asset valuations that the company did file with the Bankruptcy Court in December.

**How can a Chapter 11 Bankruptcy filing be justified with a Net Asset Value of at least $8 per common share ??** (this valuation is not mine, rather it is the most recent valuation, publicly disclosed and publicized by the Debtor as of October 2015 -- the same folks that are now working to disenfranchise non-insider shareholders through this Chapter 11 bankruptcy filing !)

Not much has changed since October 2015 that would affect the market value of the Company's assets. Natural Gas prices have been volatile, and the spot price did briefly plummeted below $2

in December before recovering substantially immediately after the Bankruptcy filing. Indeed, <u>the company made misleading claims in its bankruptcy filing based on a spot gas price of $1.65,</u> a price which in fact never happened (the low spot price was approximately $1.75) and completely ignored the hedges that the Company has in place on a portion of its production which I understand is closer to $2.75. **Moreover, the spot price of Natural Gas has since recoverd, and now exceeds $2.30.** Further, the true value of natural gas and related assets do not fluctuate wildly over days and weeks based on the spot price of Natural Gas. It is my view that the Company and its advisors "cherry picked" the fluctuations in Natural Gas prices to file for bankruptcy exactly coincident with 14-year lows in Natural Gas spot prices in order unfairly diminish the asset values of the company before the court.

In other words, MHR and its advisors submitted filings that low-balled the value of the Companys assets in order to mislead the court by making a case for delivering the company to its creditors while benefiting Evans and other management who were making and supporting the filing.

4. **If a Bankruptcy process is permitted to proceed, I believe this process should be converted to a Chapter 7 liquidation.** An orderly liquidation process (not a fire sale of assets) will maximize the financial recovery of all stakeholders: Creditors and Shareholders alike. A Chapter 7 liquidation conducted in a considered and transparent manner would be in the best interest of all stakeholders.

### To summarize:

- I oppose the Chapter 11 bankruptcy filing by Magnum Hunter Resources and believe that is should be rejected by the Court and by the office of the United States Trustee.

- In the event the bankruptcy filing is not rejected and is permitted to proceed, I request the formation of an Equity Committee that will represent the interests of all shareholders whose interests are being disadvantaged by this bankruptcy filing, in particular the non-insider common and preferred shareholders.

- In the event that the bankruptcy filing is not rejected and is permitted to proceed, I request that it be converted to a Chapter 7 liquidation, and that an orderly sale of the Company's assets takes place to maximize the recovery for all stakeholders, as the Net Asset Value of the Company's assets is highly likely to significantly exceed the claims of the Company's creditor's.

Thank you for your consideration. Feel free to contact me with any questions.

Ross Weiner